IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ADRIAN CAMPBELL, | : | MOTION TO VACATE |
| BOP Reg. # 48415-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:08-CR-371-ODE-AJB-3 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:15-CV-1689-ODE-AJB |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Adrian Campbell, confined in the Coleman Low Federal Correctional Institution in Coleman, Florida, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:08-cr-371-ODE-AJB-3. [Doc. 428.][1] The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely.

**I.   Background**

In a superseding indictment returned on October 27, 2009, Movant was charged with the following offenses: (1) conspiracy to possess with intent to distribute cocaine,

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:08-cr-371-ODE-AJB-3.

in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) & 846 (Count One); and (2) aiding and abetting possession with intent to distribute cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(ii)(II) (Count Two).  [Doc. 128 at 1-2.] On February 10, 2010, a jury found Movant guilty on both counts.  [Doc. 244.] On July 28, 2010, the District Court sentenced Movant to 240 months imprisonment, followed by ten years supervised release.  [Doc. 286 at 2-3.]

Movant timely appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed on August 21, 2012.  *See United States v. Campbell*, No. 10-13748 (11th Cir. Aug. 21, 2012) (per curiam) (consolidated with *United States v. Jordan*, 488 Fed. Appx. 358 (11th Cir. Aug. 21, 2012) (per curiam)).  [Doc. 370.]  The United States Supreme Court denied certiorari on June 10, 2013.  *See Campbell v. United States*, 133 S. Ct. 2814 (2013).  [Doc. 384.]

Movant executed his § 2255 motion on May 6, 2015.  [*See* Doc. 428 at 12.] Movant claims that his counsel provided ineffective assistance by failing to (1) investigate the sufficiency of the evidence, (2) advise Movant of his right to testify, (3) file a motion to dismiss the indictment, and (4) advise Movant of the consequences of going to trial versus pleading guilty.  [*Id.* at 4-8.]

2

**II.     Discussion**

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a Government impediment to making the § 2255 motion was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant's convictions became final when the Supreme Court denied certiorari on June 10, 2013. *See Clay v. United States*, 537 U.S. 522, 527 (2003); *Drury v. United States*, 507 F.3d 1295, 1296-97 (11th Cir. 2007).[2] The one-year

---

[2] Movant notes that he filed a motion to recall mandate in the Eleventh Circuit, and the motion was "denied [in] May 2014." [Doc. 428 at 11.] In fact, that motion was denied on January 9, 2014. *See* Order, *United States v. Campbell*, No. 10-13748-DD (11th Cir. Jan. 9, 2014). Pursuant to *Clay* and *Drury*, a motion to recall mandate is irrelevant in determining the date on which convictions became final.

3

statute of limitations expired for Movant on June 10, 2014.[3] Movant executed his § 2255 motion nearly eleven months late, on May 6, 2015. [Doc. 428 at 12.] Movant has not presented anything to (1) suggest the applicability of the circumstances set forth in 28 U.S.C. § 2255(f)(2)-(4), (2) justify equitable tolling,[4] or (3) demonstrate actual innocence.[5]  Therefore, the District Court should dismiss the § 2255 motion as untimely.[6]

---

[3] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

[4] "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[5] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

[6] The opportunity to object to this Report and Recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the matter. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that "before acting on its

### III.     Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should

---

own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); *Taylor v. United States*, 518 Fed. Appx. 348, 349 (6th Cir. Mar. 22, 2013) ("The district court properly denied Taylor's section 2255 motion on timeliness grounds because the court may *sua sponte* dismiss a motion as barred by the applicable one-year statute of limitations.") (citing *Day*, *id.*); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to Section 2255 motions.") (citation omitted).

5

issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that the § 2255 motion is untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV.  Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that:

(1) the motion to vacate, set aside, or correct sentence, [Doc. 428], be **DISMISSED** as untimely;

(2) a COA be **DENIED**; and

(3) civil action number 1:15-cv-1689-ODE-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the

6

AO 72A
(Rev.8/82)

undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this the __19th__ day of May, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE